UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| TOMMY GREENFIELD and STEVEN STEWARD, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No.: 13-3359-SEM-BGC ) ) |
| JAMES C. CLAYTON, TARRY WILLIAMS, FORREST ASHBY, SHAN JUMPER, JOSEPH HANKINS, and GUY GROOT, | ) ) ) ) ) |
| Defendants. | ) |

## MERIT REVIEW OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

This cause is before the Court for a merit review, pursuant to 28 U.S.C. § 1915A, of Plaintiffs Tommy Greenfield and Steven Steward's claims.

## I.
## MERIT REVIEW UNDER 28 U.S.C. § 1915(A)

Under 28 U.S.C. § 1915(e)(2) and § 1915A, the Court is required to carefully screen a complaint filed by a plaintiff who seeks to proceed in forma pauperis.  The Court must dismiss a complaint, or a portion thereof, if the plaintiff has raised claims that

1

are legally "frivolous or malicious," that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id.*

The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint fails to state a claim for relief if the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

In reviewing the complaint, the Court accepts the factual allegations as true and liberally construes them in plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. July 3, 2013). Conclusory statements and labels are insufficient. Fed. R. Civ. P. 8; *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012)(holding that, in order to determine if a complaint states a plausible claim, the court must take non-conclusory, non-speculative facts as true, draw all reasonable inferences in the pleader's favor, and isolate and ignore statements that simply

rehash claim elements or offer only legal labels and conclusions). Instead, sufficient facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(internal quotation omitted).

## II.
## ANALYSIS

Plaintiffs allege that on October 11, 2011, they along with Frankie N. Walker, Sr., were instructed to remain in their cells at the Illinois Department of Human Services Treatment and Detention Facility (DHS) where they are currently being housed. Subsequently, DHS officials removed Plaintiffs from their cells, placed them in handcuffs, and moved them to the special management unit.

DHS kept Plaintiffs in the special management unit from October 11 until October 20. DHS would not tell Plaintiffs why they had been placed in the special management unit. Instead, DHS officials advised Plaintiffs that they were "under investigation." As for the specifics of the investigation, DHS officials would only say that the investigation was "confidential and only the higher ups would know that."

Plaintiffs appeared before the behavior committee twice during their nine-day confinement in the special management unit. However, Defendant Guy Groot (a committee member) advised Plaintiffs that they were not to speak of why they were in the special management unit but that they were before the behavior committee to discuss how Plaintiffs could better treat DHS staff.

Plaintiffs did not have access to their Qur'ans and prayer rugs during this nine day period. Plaintiffs also were not provided with any writing material, and they did not receive showers. Plaintiffs had no communication with the outside world.

On October 20, 2011, Defendant James C. Clayton informed Plaintiffs that the investigation was over and that no evidence was discovered that warranted criminal charges being brought against them. Thus, Clayton told Plaintiffs that they could return to their regular housing units.

DHS officials never told Plaintiffs any specifics about the criminal investigation. Plaintiffs allege, upon information and belief, that Defendants Williams and Clayton contrived a story that Plaintiffs were intimidating a witness for the prosecution in a state criminal proceeding pending in Schuyler County, and that was the

reason for the investigation and their placement in the special management unit.

Plaintiffs further allege that the true reason for their placement in the special management unit was to thwart an investigation into an assault upon DHS resident Troy A. Curtner by a fellow resident that would have revealed DHS officials' negligence in preventing the attack. Plaintiffs allege that they never truly were the subject of a criminal investigation but that DHS officials placed them in the special management unit to hide the truth regarding the attack on resident Curtner.

Plaintiffs have filed the instant suit pursuant to 42 U.S.C. § 1983 allegeing four causes of action. First, Plaintiffs allege that Defendants Clayton, Williams, and Forrest Ashby violated their Fourth rights to be free from unreasonable seizures. Second, Plaintiffs allege that Defendants Clayton, Williams, and Ashby violated their liberty interests protected by the Fourteenth Amendment by placing them in the special management unit under false pretenses. Third, Plaintiffs allege that Defendants Clayton, Williams, Ashby, Hankins, Jumper, and Groot conspired with one another to deprive Plaintiffs of their constitutional rights. Finally,

5

Plaintiffs allege that all Defendants are liable to them for intentional infliction of mental and emotional distress.

Plaintiffs' Complaint fails to state a cause of action for unreasonable seizure and for intentional infliction of emotional distress. However, Plaintiffs' Complaint states causes of action for a violation of their due process rights and for conspiracy to deprive Plaintiffs of their constitutional rights.

Plaintiffs must show that a seizure occurred, that the seizure was unreasonable, and that each defendant was personally involved in the seizure in order to state a claim for violating their Fourth Amendment rights. *Carlson v. Bukovic,* 621 F.3d at 618–19 (7th Cir. 2010); *Pellegrini v. Dembosz*, 2013 WL 97562, * 2 (N.D. Ill. Jan. 8, 2013). Plaintiffs have satisfied the first element because being handcuffed constitutes a seizure.

However, Plaintiffs have not satisfied the remaining two elements. Plaintiffs allege that Security Therapist Aid II Curtis Parsons handcuffed them, not any of the named Defendants. Thus, Clayton, Williams, and Ashby cannot be held liable for allegedly violating Plaintiffs' Fourth Amendment rights. *Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010)("[I]ndividual liability under § 1983

requires personal involvement in the alleged constitutional deprivation."; *Davis v. Back*, 2010 WL 1779982, * 11 (E.D. Va. Apr. 29, 2010)(dismissing a § 1983 claim because the plaintiff did not allege that the defendant was the one who placed her in handcuffs).

Plaintiffs' claim would still be deficient, however, even if Plaintiffs had alleged that Clayton, Williams, and Ashby were the ones who handcuffed them because simply placing a detainee in handcuffs does not by itself violate the Fourth Amendment. *Id.*; *Muehler v. Mena*, 544 U.S. 93, 98-99 (2005)(denying a § 1983 claim because the use of handcuffs to detain an occupant was reasonable because the governmental interests in safety outweighed the intrusion); *Cooper v. City of Virginia Beach, Virginia*, 817 F. Supp. 1310, 1315 (E.D. Va. 1993)("[H]andcuffing [an] arrestee does not constitute unreasonable force."). Accordingly, Count I of Plaintiffs' Complaint is dismissed for failure to state a claim.

Similarly, Count IV of Plaintiffs' Complaint is dismissed for failure to state a claim. "The elements of intentional infliction of emotional distress are that (1) the defendant engaged in 'extreme and outrageous' conduct toward the plaintiff, (2) the defendant intended or recklessly disregarded the probability that the conduct

7

would cause the plaintiff to suffer emotional distress, (3) the plaintiff endured 'severe or extreme' emotional distress, and (4) the defendant's conduct actually and proximately caused the plaintiff's distress." *Ulm v. Memorial Med. Ctr.*, 964 N.E.2d 632, 641 (Ill. App. Ct. 2012).

Whether particular conduct is extreme and outrageous is treated as a question of law as extreme and outrageous is a legal, not a factual, standard. *Hayes v. Illinois Power Co.*, 587 N.E.2d 559, 563 (Ill. App. Ct. 1992)(holding the trial court's dismissal of the plaintiff's complaint was proper where the conduct alleged could not be characterized as "extreme and outrageous"). A defendant's conduct must be so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency in order to constitute extreme and outrageous behavior sufficient to impose liability. *Ulm*, 964 N.E.2d at 642. In other words, the "recitation of the facts to an average member of the community [must] arouse his resentment against the actor, and lead him to exclaim, Outrageous[!]" *Id.* (internal quotation omitted).

Here, Plaintiffs' Complaint does not include facts that Defendants acted in such an extreme and outrageous manner to

subject them to liability for the tort of intentional infliction of emotions distress. Plaintiffs' allegations of outrageous behavior and intent are conclusory; Plaintiffs simply recite the standards for imposing liability for the tort. Even alleging malice is insufficient. *Hayes*, 587 N.E.2d at 563 (it is insufficient that the conduct complained of has been characterized by malice); *Public Finance Corp. v. Davis*, 360 N.E.2d 765, 767 (Ill. 1977)("[a]lthough fright, horror, grief, shame, humiliation, worry, etc. may fall within the ambit of the term 'emotional distress,' these mental conditions alone are not actionable"). Accordingly, Count IV of Plaintiffs' Complaint is dismissed.

Conversely, Plaintiffs' Complaint does state a cause of action against Defendants Clayton, Williams, and Ashby for allegedly violating their Fourteenth Amendment due process rights and states a cause of action against all Defendants for conspiracy to deprive Plaintiffs of their constitutional rights.

When a plaintiff brings an action under § 1983 for procedural due process violations, he must show that the state deprived him of a constitutionally protected interest in 'life, liberty, or property' without due process of law." *Williams v. Ramos*, 71 F.3d 1246, 1248

9

(7th Cir. 1995)(quoting *Zinermon v. Burch*, 494 U.S. 113, 125 (1990)).  "Decisions and actions by prison authorities which do not deprive an inmate of a protected liberty interest may be made for any reason or for no reason." *Richardson v. Brown*, 2013 WL 5093801, * 5 (S.D. Ind. Sept. 11, 2013).

An inmate[1] has "no liberty interest in remaining in the general prison population." *Williams*, 71 F.3d at 1248.  "In fact, absent a constitutional, statutory, or regulatory bar, 'a prisoner may be transferred for any reason, or for no reason at all.'" *Id.* at 1249 (quoting *Williams v. Faulkner*, 837 F.2d 304, 309 (7th Cir. 1988)).  "An inmate has a due process liberty interest in being in the general prison population only if the conditions of his or her confinement impose 'atypical and significant hardship . . . in relation to the ordinary incidents of prison life.'" *Richardson*, 2013 WL 5093801, at * 5 (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)).

---

[1] The Court recognizes that Plaintiffs are civil detainees, not inmates.  "[C]ivil detainees who are more disruptive than prison inmates can be subjected to greater restrictions without those restrictions constituting punishment.  But such detainees still have the same right as criminals to complain of a deprivation of liberty without due process of law if the restrictions constitute a deprivation of liberty within the meaning of the Constitution as interpreted by the Supreme Court . . . ." *Miller v. Dobier*, 634 F.3d 412, 415 (7th Cir. 2011).

In the Seventh Circuit, "a prisoner in disciplinary segregation at a state prison has a liberty interest in remaining in the general prison population only if the conditions under which he or she is confined are substantially more restrictive than administrative segregation at the most secure prison in that state." *Id.* "Merely being placed in a disciplinary unit, or being confined under conditions more onerous than conditions in other housing units of the jail does not violate the guarantee of due process." *Id.*

In fact, the Seventh Circuit has described an inmate's liberty interest in avoiding disciplinary segregation as very limited or even nonexistent. *Townsend v. Fuchs*, 522 F.3d 765, 766 (7th Cir. 2008). As a result, the Seventh Circuit has indicated that, generally, extended stays in segregation are necessary to give rise to a due process claim. *Marion v. Columbia Correctional Inst.*, 559 F.3d 693, 698-99 (7th Cir. 2009)(citing cases).

Initially, the Court questions whether Plaintiffs' nine day stay in DHS's special management is sufficient in duration to give rise to a claim that Defendants deprived them of their liberty interest.[2]

---

[2] *Townsend v. Fuchs*, 522 F.3d 765, 766, 722 (7th Cir. 2008)(holding that "inmates have no liberty interest in avoiding placement in

However, the Seventh Circuit has held such a determination requires a factual inquiry that cannot be resolved at the pleading stage. *Id.* Accordingly, the Court will allow Count II to proceed to give Plaintiffs an opportunity to develop a factual record showing that the duration and conditions in the special management unit were sufficient to violate their Fourteenth Amendment rights.

Similarly, the Court will allow Count III to proceed. "While a private citizen cannot ordinarily be held liable under Section 1983 because that statute requires action under color of state law, if a private citizen conspires with a state actor, then the private citizen is subject to Section 1983 liability." *Brokaw v. Mercer County*, 235 F.3d 1000, (7th Cir. 2000)(citing *Bowman v. City of Franklin*, 980 F.2d 1104, 1107 (7th Cir. 1992)). "To establish Section 1983 liability through a conspiracy theory, a plaintiff must demonstrate that: (1) a state official and private individual(s) reached an

---

discretionary segregation")(59 days); *Hoskins v. Lenear*, 395 F.3d 372, 374-75 (7th Cir. 2005)(holding that the punishments the plaintiff suffered because of his disciplinary conviction-demotion in status, segregation and transfer-raise no due process concerns)(60 days); *Holly v. Woolfolk*, 415 F.3d 678, 679 (7th Cir. 2005)(noting that "being placed in segregation is too trivial an incremental deprivation of a convicted prisoner's liberty to trigger the duty of due process")(2 days).

understanding to deprive the plaintiff of his constitutional rights, and (2) those individual(s) were willful participants in joint activity with the State or its agents." *Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir. 1998)(internal quotation and citations omitted); *Miller v. Fisher*, 2007 WL 755187, * 3 (7th Cir. Mar. 12, 2007)(holding that in order to state a cause of action for conspiracy under § 1983, a plaintiff must "identify the parties, purpose, and approximate date of the conspiracy.").

Here, Plaintiffs have alleged that Defendants—some of whom are state actors and some of whom are private citizens—conspired with one another to deprive them of their constitutional rights. In other words, Plaintiffs have alleged the parties, the purpose, and the date of the conspiracy, and, therefore, Count III is sufficient to state a cause of action upon which relief could be granted.

**IT IS, THEREFORE, ORDERED that:**

1. Pursuant to the Court's merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiffs' Complaint states a claim against Defendants Clayton, Williams, and Ashby for violating their Fourteenth Amendment due process rights and also finds that Plaintiffs' Complaint states a claim against all named

Defendants for conspiracy to deprive them of their constitutional rights. Any additional claim(s) shall not be included in the case except at the Court's discretion on a motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2. Plaintiffs' Fourth Amendment claim (Count I) and their state law claim for intentional infliction of emotional distress (Count IV) are DISMISSED.

3. This case is now in the process of service. Plaintiffs are advised to wait until counsel has appeared for Defendants before filing any motions in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiffs need not submit any evidence to the Court at this time unless otherwise directed by the Court.

4. The Court will attempt service on Defendants by mailing them a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed an Answer or appeared through counsel within 90 days of the entry of this order, Plaintiffs may file a motion requesting the status of service. After Defendants

have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

    5.    With respect to a Defendant(s) who no longer works at the address provided by Plaintiffs, the entity for whom that Defendant(s) worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address.  This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

    6.    Defendants shall file an answer within 60 days of the date the waiver is sent by the clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Order.  In general, an answer sets forth Defendants' positions.  The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants.  Therefore, no response to the answer is necessary or will be considered.

7. Once counsel has appeared for Defendants, Plaintiffs need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiffs' documents electronically and send notices of electronic filing to defense counsel. The notices of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiffs will be notified and instructed accordingly.

8. Counsel for Defendants is hereby granted leave to depose Plaintiffs at their place of confinement. Counsel for Defendants shall arrange the time for the deposition.

10. Plaintiffs shall immediately notify the Court, in writing, of any change in their mailing address and telephone number. Plaintiffs' failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO: 1) ATTEMPT SERVICE ON DEFENDANTS PURSUANT TO THE STANDARD PROCEDURES; 2) SET AN INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF**

**THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF SERVICE AND ENTER SCHEDULING DEADLINES; AND 3) DISMISS COUNTS I (FOURTH AMENDMENT VIOLATION) AND IV (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS) OF PLAINTIFFS' COMPLAINT.**

**LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARSHAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).**

ENTER: December 23, 2013

FOR THE COURT:

                                      s/ Sue E. Myerscough
                                      SUE E. MYERSCOUGH
                              UNITED STATES DISTRICT JUDGE